**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: WINDSPIRE ENERGY, INC.<br><br>      Debtor,<br>_____<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>      Plaintiff,<br><br>      v.<br><br>GIACOMO MARINI, et al.,<br><br>      Defendants.<br>_____ | 3:13-cv-10-RCJ-WGC<br><br>**ORDER** |

Currently before the Court are a Motion of Defendants Big Sky Venture Capital III, LLC, Big Sky Venture Capital IV, LLC and Greenhouse Capital Partners, LP for Withdrawal of Reference Under 28 U.S.C. § 157(d) and FRBP 5011 (#2), Defendant Noventi Ventures II LP and Noventi LLC's Motion for Withdrawal of Reference as to Adversary Claims Two, Three, and Four Only (#3), and Defendants Marini, Rogoff, Rodgers, Hess, Schwab, Henig, Horn, and Mosebar's Motion for Withdrawal of Reference as to Adversary Complaint Claims One, Three, and Four Only (#7).

**DISCUSSION**

On October 26, 2012, the complaint initiating this adversary proceeding was filed by Plaintiff Official Committee of Unsecured Creditors. (*See* Beesley Recommendation (#15) at 2). The complaint alleged claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, corporate waste, equitable subordination/equitable disallowance, recharacterization, avoidance of fraudulent transfer, avoidance of insider preference, and

objection to claim against the various individual and entity Defendants. (*Id.*). Several defendants filed motions for withdrawal of reference.

In February 2013, Bankruptcy Judge Bruce T. Beesley submitted a recommendation to this Court that this Court withdraw the reference to all claims in the complaint. (*Id.* at 4). Judge Beesley found that the bankruptcy court did not have constitutional jurisdiction to enter a final judgment on the claims of breach of fiduciary duty, aiding and abetting breach of fiduciary duty, corporate waste, equitable subordination/equitable disallowance, recharacterization, and recovery of fraudulent transfer because those actions were within the traditional powers of an Article III court. (*Id.* at 3).

The Court now withdraws the reference to all claims in the complaint. As such, the motions to withdraw the reference are granted to the extent that all claims are withdrawn.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Motion of Defendants Big Sky Venture Capital III, LLC, Big Sky Venture Capital IV, LLC and Greenhouse Capital Partners, LP for Withdrawal of Reference Under 28 U.S.C. § 157(d) and FRBP 5011 (#2) is GRANTED to the extent that all claims are withdrawn.

IT IS FURTHER ORDERED that Defendant Noventi Ventures II LP and Noventi LLC's Motion for Withdrawal of Reference as to Adversary Claims Two, Three, and Four Only (#3) is GRANTED to the extent that all claims are withdrawn.

IT IS FURTHER ORDERED that Defendants Marini, Rogoff, Rodgers, Hess, Schwab, Henig, Horn, and Mosebar's Motion for Withdrawal of Reference as to Adversary Complaint Claims One, Three, and Four Only (#7) is GRANTED to the extent that all claims are withdrawn.

IT IS FURTHER ORDERED that the Ex Parte Motion to Remove Counsel From CM/ECF Service List (#18) is GRANTED.

DATED: This 1st day of April, 2013.

_____
United States District Judge