UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS ) | ) | 3:13-cv-00010-RCJ-WGC |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| vs. | ) | July 24, 2013 |
| GIACOMO MARINI, *et al.*, | ) | |
| Defendants. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>Katie Lynn Ogden</u>   REPORTER:  <u>            FTR            </u>

COUNSEL FOR PLAINTIFF(S):  <u>Jason Maynard                                    </u>

COUNSEL FOR DEFENDANTS: <u>Cynthia Alexander, Kaaran Thomas,  Brian Irvine (Present)  </u>

<u>David Schwartz (Telephonically)                                    </u>

**MINUTES OF PROCEEDINGS: Case Management Conference and Motion Hearing**

10:35 a.m. Court convenes.

**I.     Discussion Regarding Case Management Report (Dkt. #141)**

  **A.  Prospect of Settlement**

  The Court inquires whether the parties have discussed settlement in this matter.  The parties advise the Court they have not.  The Court suggests that the parties discuss settlement on an informal basis.  At this time, the Court will defer ruling on Plaintiff's Motion for an Order Referring this Case to Alternate Dispute Resolution (Dkt. #69) and the Defendants' Request for Oral Argument on Plaintiff's Motion for An Order Referring this Case To Alternate Dispute Resolution, or in the Alternative, Motion for Leave to File a Surreply (Dkt. # 112). The Court directs the parties to have these settlement discussions by mid-August and the parties shall file individual statements as to the propriety of proceeding with Court ordered ADR no later than noon on **Friday, August 30, 2013**.  Depending on the information contained in the statements, the Court may schedule a further status conference.

MINUTES OF PROCEEDINGS
3:13-cv-00010-RCJ-WGC
Date: July 24, 2013
Page 2

### B. Revised Discovery Plan / Scheduling Order

In light of the discovery currently underway, the Court revisits the Discovery Plan / Scheduling Order (Dkt. #49) and extends the deadlines as follows:

<u>Discovery cut-off deadline</u>:  November 22, 2013

<u>Amending the Pleadings and Adding parties deadline</u>: August 23, 2013

<u>Disclosure of Experts deadline</u>: September 20, 2013

<u>Disclosure of Rebuttal Experts deadline</u>: October 11, 2013

<u>Dispositive Motions deadline</u>: December 20, 2013

<u>Pretrial Order deadline</u>: January 17, 2014 - In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court.

### C. Revisions to the Limitation Placed on Discovery

Plaintiff request an order allowing up to twenty (20) depositions (see Dkt. #141, IX(D)). The Court does not find this request to be unreasonable; therefore, Plaintiff's request is hereby **GRANTED**.

**II.     Emergency Motion to Compel (Dkt. #135)**

Cynthia Alexander addresses the Court and explains Defendant Robert Mosebar's position with regard to the motion to compel as it relates to the production of a videotaped examination of Mr. Mosebar.  Although the parties have discussed this discovery request informally, the parties are at an impasse and request the Court's intervention.

Ms. Alexander argues that Plaintiff has changed its position in so far that Plaintiff now seeks a protective order.  Ms. Alexander represents that, based on Plaintiff's Response to the Emergency Motion to Compel (Dkt. #138), it appears Plaintiff's previous argument stating the videotaped examination is subject to attorney work-product doctrine is no longer applicable.  Ms. Alexander objects to Plaintiff's current position and argues that Plaintiff's motion for protective order should be denied and Plaintiff should be ordered to produce the Mosebar Examination.

MINUTES OF PROCEEDINGS
3:13-cv-00010-RCJ-WGC
Date: July 24, 2013
Page 3

      Jason Maynard addresses the Court and argues that Plaintiff is entitled to Mr. Mosebar's un-refreshed recollection and that the video can be produced after Mr. Mosebar's deposition, which is set for Wednesday, July 31, 2013.  Mr. Maynard contends that other Courts have routinely delayed the required production until after a deposition is taken.  Furthermore, retaining the video until after Mr. Mosebar's deposition will not prejudice him because he will be provided the video after the deposition and he would have ample time to propound discovery and prepare for trial.

      After hearing argument and reviewing the cases cited to support the parties' respective positions, the Court explains it may have better received Plaintiff's argument if there were some showing of a potential intent to deceive by Mr. Mosebar.  The Court recognizes the apparent split in authority regarding this subject; however, it appears that this should have been addressed by seeking a protective order when the Rule 26 productions were made.   Therefore, Defendant Robert Mosebar's Emergency Motion to Compel is **GRANTED** and the video shall be produced prior to Mr. Mosebar's deposition.

      Furthermore, to the extent Defendant seeks sanctions against Plaintiff in the Motion to Compel, it is **DENIED**.  The Court finds that, again, this subject presents an interesting topic and there appears to be a split of authority regarding this issue.

      Mr. Maynard represents that he will be able to produce a duplicated copy of the video no later than Friday, July 26, 2013.

**IT IS SO ORDERED.**

11:37 Court Adjourns.

                                              LANCE S. WILSON, CLERK

                                              By: _____/s/_____
                                                    Katie Lynn Ogden, Deputy Clerk