**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>           Plaintiff,<br><br>vs.<br><br>GIACOMO MARINI, et. al.,<br><br>           Defendants. | 3:13-cv-00010-RCJ-WGC<br><br>**ORDER** |

Before the court is the Motion to Compel Discovery Responses (Doc. # 244)[1] filed by defendants Noventi Ventures II LP and Noventi, LLC (collectively, Noventi), and declaration of counsel Kaaran Thomas filed in support of the motion (Doc. # 245). The court granted Noventi's request for an order shortening time for a hearing on the motion, afforded Plaintiff an opportunity to file a written response to the motion, and set a hearing for November 15, 2013 at 10:00 a.m. (*See* Docs. # 249, # 250.) Plaintiff Official Committee of Unsecured Creditors (Committee) filed a response (Doc. # 254) and declaration of counsel Bryan Dillon in support (Doc. # 255). The court conducted the hearing on November 15, 2013, and issues the instant order.

///

---

[1] Refers to court's docket number.

# I. SUMMARY OF DISCOVERY DISPUTE AND ARGUMENT

Noventi served a second request for production of documents on the Committee on September 6, 2013, requesting documents that support Noventi's claims and damages. (Doc. # 244 at 2:23-24.) The Committee responded on October 10, 2013. (*Id.*, Ex. A at Doc. # 244 at 12-25.) The response to each of the twenty-two requests includes a series of objections followed by a representation that the Committee will produce responsive, non-privileged documents, to the extent they exist, within an estimated ninety days. (*Id.*)

The issue raised by Noventi is that the discovery deadline in this case is November 22, 2013, a mediation is scheduled for December 3, 2013, with the dispositive motion deadline following shortly thereafter on December 20, 2013. (*Id.*) Allowing the Committee to produce its responsive documents after all of these events have passed, Noventi argues, will be highly prejudicial. Thus, Noventi seeks an order: (1) compelling production of the documents; (2) finding that the Committee has waived any asserted privilege by failing to timely produce a privilege log along with its responses; and (3) awarding sanctions in the form of Noventi's reasonable costs and fees in bringing this motion.

The Committee opposed the motion arguing, among other things, that in light of the recent departure of the attorney handling this case (Mr. Maynard), the attorneys now staffed on the case are working diligently to review the voluminous amount of documents in this case and produce those responsive to Noventi's requests within 90 days, if not sooner. (Doc. # 254.)

# II. DISCUSSION

The Committee did not address the prejudicial effect this would have on the upcoming mediation and Noventi's ability to file a dispositive motion on or before December 20, 2013. Not to mention the fact that discovery is set to close on November 22, 2013. The court is, however,

mindful of the predicament the Committee's counsel is in after Mr. Maynard's departure, and was advised at the hearing of personal matters impacting the firm's ability to manage this production of documents, and that the firm intends to file a motion to withdraw as counsel. As a result, the court is granting Noventi's motion in part and denying it in part.

First, the motion to compel the production of documents responsive to Noventi's second set of requests for documents is granted such that the Committee is ordered to produce all responsive documents and any corresponding privilege log on or before November 22, 2013.

Second, Noventi's motion is denied insofar as it seeks an order that any asserted privilege is waived as a result of the failure to serve a privilege log with its responses. The court has considered the circumstances of this case in connection with the factors outlined by the Ninth Circuit in *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Applying these factors in the context of a "holistic reasonableness" analysis, the court concludes they weigh against finding a waiver.

The first factor, the ability of Noventi and the court to evaluate whether the documents are privileged, weighs in favor of finding a waiver because the objections provide no information that would allow Noventi or the court to evaluate whether any document is privileged. In fact, it is not clear whether any document is actually being withheld on the basis of privilege. The second factor, the timeliness of the responses, weighs against a finding of waiver because the responses were timely served. The third factor, the magnitude of the production, weighs against a finding of waiver because this case appears to be fairly document intensive (the Committee references some 150,000 documents in its responsive brief). Finally, other circumstances present weigh against a finding of waiver. While a privilege log should ideally be produced along with the discovery responses, the Committee's counsel did represent to Noventi's counsel the situation

they were in with the departure of Mr. Maynard and personal issues of partners in the firm, and that they were working on a review of the documents and a privilege log. It appears as though it was simply not realistic for the Committee to produce a privilege log along with its responses under these circumstances where they had not yet had a chance to review all of the potentially responsive documents. The Committee is reminded that if it intends to withhold any documents from production on the grounds that they are privileged, it must produce a privilege log concurrently with its production.

Third, Noventi's request for sanctions is denied. The court considers the Committee's decision to unilaterally decide that production of the documents ninety days after their responses and following the discovery deadline, dispositive motion deadline and mediation as cavalier. However, in light of the circumstances presented by Mr. Maynard's departure as well as the personal issues of members of the firm described above, the court finds the imposition of sanctions is not warranted.

Finally, the discovery deadline is vacated *only* with respect to Noventi's second request for production of documents that is the subject of this motion. Otherwise, all other discovery will close as scheduled on November 22, 2013. The dispositive motion deadline of December 20, 2013, is likewise vacated. The court will conduct a status conference on December 10, 2013 at 10:00 a.m., and will discuss rescheduling the dispositive motion deadline at that time.

### III. CONCLUSION

**IT IS HEREBY ORDERED THAT** Noventi's motion (Doc. # 244) is **GRANTED IN PART AND DENIED IN PART**, as follows:

(1) The motion is **GRANTED** such that the Committee is required to produce documents responsive to Noventi's second set of requests for production of documents, along with any corresponding privilege log, on or before **November 22, 2013**;

(2) The motion is **DENIED** insofar as it seeks an order that the Committee waived any assertion of privilege by failing to serve a privilege log with its responses;

(3) The motion is **DENIED** insofar as it seeks the imposition of sanctions.

**IF IS HEREBY FURTHER ORDERED THAT:**

(1) The discovery deadline is **VACATED** *only* with respect to Noventi's second request for production of documents. All other discovery will close as scheduled on November 22, 2013;

(2) The dispositive motion deadline of December 20, 2013, is **VACATED**;

(3) A status conference will be held on **December 10, 2013, at 10:00 a.m.**, and the court will discuss rescheduling the dispositive motion deadline at that time.

**IT IS SO ORDERED.**

**DATED:   November 18, 2013.**

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**